## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF KENTUCKY
## AT OWENSBORO

**ROY DOUGLAUS MAYES**                                                                 **PLAINTIFF**

**v.**                                              **CIVIL ACTION NO. 4:16-CV-00125-JHM**

**JORDAN HAYES**                                                                       **DEFENDANT**

### MEMORANDUM OPINION

Plaintiff Roy Douglaus Mayes filed this *pro se* civil action on a general complaint form. Because Plaintiff is proceeding *in forma pauperis*, this Court must review the complaint pursuant to 28 U.S.C. § 1915(e)(2). For the following reasons, the action will be dismissed.

### I.  SUMMARY OF COMPLAINT

In his complaint, Plaintiff indicates that he suing Jordan Hayes, a probation and parole officer in Daviess County, Kentucky.

In the section of the complaint form which asks Plaintiff to cite the federal statutes or provisions of the United States Constitution which form the basis of his complaint, he writes: "RCW 42.20.100, False Report section 42.20.040, Misconduct of Public Officer Chp 42.20, Neglect of Duty RCW 42.20.100." These appear to be statutes from the State of Washington.

In the section of the complaint titled "Statement of Claim," Plaintiff writes as follows:

> I the Plaintiff was ordered to transfer a case for probation from the State of Indiana to Kentucky due to myself living in Kentucky and having probation for the State of Indiana. On April 28, 2016, documents was signed and paid to have the transfer of such documents transferred. On Monday, May 2nd, 2016, Indiana Probation Officer called me and informed me to report to Owensboro's Probation and Parole Office that day before they closed to start Probation Procedures. Upon reporting this day of May 2, 2016, I was informed that Jordan Hayes would be my officer and after coming out he said the case needing more time to come threw the system to request I come back on May 5th, 2016. Mr. Jordan Hayes for some reason did a Case Management Plan

> (CMP). At this time, Jordan Hayes falsified information as to put me on parole for case #'s 96-CR-00051, 97-CR-0034, and 05-CR-00352 for 16 years in state penitentiary. Never once did he add or state anything about what he was suppose to do in the simple fact was to transfer 2½ years probation (Case 62C01-1407-F6-399 Perry Co., Indiana). As a result, I was incarcerated for 4 months in state of Kentucky for the negligence of a probation officer's unability to follow policy and procedure . . . .

Plaintiff states that he seeks compensatory and punitive damages for "the unlawful imprisonment and negligence."

## II. LEGAL STANDARD

Upon review under 28 U.S.C. § 1915(e), a district court must dismiss a case at any time if it determines that the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Although courts are to hold *pro se* pleadings "to less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519 (1972), this duty to be less stringent "does not require us to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require courts "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

Based on Plaintiff's allegations, the Court liberally construes the complaint as being brought pursuant to 42 U.S.C. § 1983. *Vistein v. Am. Registry of Radiologic Technologists*, 342

F. App'x 113, 127 (6th Cir. 2009) ("To proceed on a claim under 42 U.S.C. § 1983, a plaintiff must show that a person acting under color of state law deprived the plaintiff of a right secured by the Constitution or laws of the United States."); *Thomas v. Shipka*, 818 F.2d 496, 499 (6th Cir. 1987) ("[I]n cases where a plaintiff states a constitutional claim under 42 U.S.C. § 1983, that statute is the exclusive remedy for the alleged constitutional violations."), *vacated and remanded on other grounds*, 488 U.S. 1036 (1989).

The Sixth Circuit has long held that probation officers are entitled to quasi-judicial immunity when determining whether an individual has violated the terms of his or her probation. For example, in *Loggins v. Franklin Cty., Ohio*, the plaintiff alleged that the defendant probation officer had violated his constitutional rights by falsely advising a judge that a warrant had been issued for the plaintiff's arrest. 218 F. App'x 466, 476 (6th Cir. 2007). The Sixth Circuit held that because the defendant probation officer's actions were related to ensuring that the plaintiff was complying with the terms of his probation and because his statements were made as part of the judicial process in considering whether to revoke the plaintiff's probation, the defendant probation officer was entitled to immunity. 218 F. App'x at 476-77. Similarly, in *Huffer v. Bogen*, the Sixth Circuit held that that probation officers were performing a judicial function, and therefore entitled to quasi-judicial immunity, when they determined that the plaintiff had violated the terms of his probation. 503 F. App'x 455, 461 (6th Cir. 2012). *See also May-Shaw v. Hyink*, No. 1:06-cv-408, 2006 U.S. Dist. LEXIS 95330, at *2-4 (W.D. Mich. Sept. 22, 2016) (finding plaintiff's claim that defendant probation officer included false information in the plaintiff's presentence report barred because the probation officer was cloaked with quasi-judicial immunity); *Warick v. Ky. Justice & Pub. Safety Cabinet*, No. 08-146-ART, 2008 U.S. Dist. LEXIS 75248, 2008 WL 4443056, at *5 (E.D. Ky. Sept. 26, 2008) (citing *Timson v. Wright*, 532

F.2d 552, 553 (6th Cir. 1976) (per curiam) ( "When a probation officer evaluates an individual to determine whether he has violated the conditions of his probation, the officer is entitled to absolute judicial immunity from suit under Section 1983.")

Here, the Court can find no basis upon which to distinguish Plaintiff's allegations against Defendant Hayes from the allegations against the probation officers in the above-cited cases. For this reason, the Court concludes that Defendant Mayes is entitled to quasi-judicial immunity for his actions. Accordingly, Plaintiff's claim against him must be dismissed for failure to state a claim upon which relief may be granted.

### IV. CONCLUSION

For the foregoing reasons, this action will be dismissed by separate Order.

Date: January 18, 2017

*[Signature]*

Joseph H. McKinley, Jr., Chief Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendant
4414.011

4